## CIRCUIT COURT OF ROANOKE COUNTY

C. Ray Davenport,
Commissioner of
Labor and Industry

v.

Allegheny Construction Co., Inc.

August 3, 2004

Case N. CH 03-114

BY JUDGE ROBERT P. DOHERTY, JR.

This matter comes before the Court on the Plaintiff agency's (Department of Labor and Industry or "DOLI") bill of complaint seeking to enforce citations of the Defendant contractor for violations of the Virginia Occupational Safety and Health Acts (" VOSH" ), codified at §§ 40.1-44.1 to 40.1-51.4:5 of the Code of Virginia (1950), as amended, and the associated agency regulations. After inspecting the Defendant's job site, DOLI cited the Defendant with the following five "Serious" work place safety violations as defined in § 40.1-49.3 of the Code of f Virginia (1950), as amended (serious violation being a workplace condition or practice or process that threatens a substantial probability of death or serious physical harm about which the employer is actually or constructively aware): (1) uncovered manholes in violation of § 1926.501(b)(4)(ii); (2) improper egress from a trench in violation of § 1926.651(c)(2); (3) failure to inspect or properly inspect a trench in violation of § 1926.651(k)(1); (4) improper sloping or blocking of a trench in violation of § 1926.651(a)(1); and, (5) failure to perform confined space test in violation of 146:16 VAC 25-140-40-A. DOLI also cited the Defendant for failing to make available a material safety data sheet" MSDS" ), categorized as an "Other Than

Serious" violation. The Defendant denies the existence of any violations and prays for a vacation of the citations or, in the alternative, for their reduction to an "Other Than Serious" categorization. The Court's decision in this case, in which the burden of proof is a preponderance of the evidence, turns on its determination of the evidence of the ctual facts found in the conflicting evidence presented by both sides. At trial, the Court granted the Defendant's motion to strike the evidence as to items two and hree of the "Serious" violations, but denied the motion as to the remaining violations. As to the remaining violations, for the reasons provided below, the Court holds that the Plaintiff properly cited the Defendant for "Serious" violations for the citations dealing with the trenching and the uncovered manholes. However, the Court holds that the citation for the failure to perform a onfined space test is to be reduced to the "Other Than Serious" classification. Finally, the Court holds that the "Other Than Serious" citation for the failure to rovide an MSDS is proper.

## Analysis

In order to prevail, DOLI must show by a preponderance of the evidence that (1) there exists an applicable standard, regulation or statute; (2) there as a violation of the standard, regulation, or statute; (3) that the employer had actual or constructive knowledge of the condition; and (4) that an employee was exposed to the violative condition or could reasonably be expected to come into danger due to the nature of the work being performed on account of the violative condition. *See Field Operations anual*, pp. IV-81-82. *See also Secretary of Labor v. Capform, Inc.*, 16 BNA OSHC 2040, 2041 (1994).

## Citation 1: Uncovered Manholes

DOLI alleges that the Defendant violated VOSH Std. § 1926.501(b)(4)(II) by failing to provide proper manhole covers and by leaving at least one anhole uncovered. In support of its claim, DOLI advanced testimonial evidence that a number of manholes were uncovered and presented demonstrative evidence in the form of a photograph showing an uncovered manhole with a piece of plywood lying beside the hole; the depth of this hole was approximately nine feet. The Defendant replies that DOLI is unable to prove which manhole was left uncovered and that, even if a manhole was left uncovered, it was only temporarily uncovered as employees were diligently working in that area and that the manhole cover was lying next to the manhole. VOSH Std. § 1926.501(b)(4)(II) provides that "Each employee on walking/working surfaces shall be protected from falling through holes ... by ... covers, or guardrail systems erected around such holes." VOSH Std. §§ 16 VAC 25-175-1926.502(i)(3) and

25-175-1926.502(i)(4) further state that all manhole covers are to be installed so as "to prevent accidental displacement by wind, equipment, or employees" and that the covers are to be color coded or marked with "HOLE" or "COVER."

The evidence presented by DOLI supports its citation for the violation of the applicable regulations. Three witnesses testified as to seeing multiple uncovered manholes with no protective railing set up about the holes. With a depth of approximately nine feet, an employee falling into the hole faces a high probability of serious injury. Moreover, the photograph presented by DOLI clearly shows that the plywood cover is not properly marked and does not meet the applicable regulations. Contrary to the Defendant's assertions, there is no requirement in the regulations for the agency to specify the exact uncovered manhole; its burden, rather, is to prove that a violation took place. Likewise, the Defendant's claim that, since this was a busy job site, temporary violations were inevitable is not a proper defense. Safety regulations exist in order to protect employees at all job sites, busy or otherwise. Accordingly, the Court finds that the citation for violating VOSH Std. § 1926.501(b)(4)(II) was properly issued.

*Citation 4: Improper Sloping or Blocking of a Trench*

DOLI cited the Defendant for violating VOSH Std. § 1926.652(a)(1) by failing to slope properly or to support the walls of a trench excavated on August 7, 2001, the day prior to the inspection by the DOLI safety officer. The evidence presented by DOLI showed that a VDOT safety inspector witnessed an employee in a trench on August 7 at approximately 2 p.m; that the trench was approximately twice the height of the employee, but that the VDOT safety inspector did not measure the depth of the trench; that there was no visible pipe in the trench; that the Defendant stated that the soil was or it was being treated as "Type C," requiring a 1.5:1 slope; that based on the site plans and project diary, the trench was to be eleven feet in depth; that the trench was twenty-five feet wide at the top; that another VDOT employee watched the trench for three to four hours after aid was requested by the safety inspector; that the VDOT employee watched the Defendant lay pipe in the trench and cover the pipe with gravel; that one end of the trench was vertical or undercut; that there was no blocking or supporting mechanisms in the trench; and that multiple options for blocking existed, some of which could be readily erected. Moreover, DOLI presented a photograph taken by the VDOT safety inspector showing the employee clearly below the lip of the trench. The Defendant counters that at the time the employee was in the trench, its depth was seven feet, which was within the sloping limits for Type C soil; that the work in the

trench had to be completed by 4 p.m.; that the work could not have been completed within the time limit if the pipe had not been laid by 2 p.m., the time at which the photograph was taken and the employee was in the trench. The Defendant also raises the affirmative defense of "infeasibility" as to the shoring of the trench, arguing that it would have been impossible to properly block the trench within the time constraints of the project.

In viewing the evidence of both parties, which again was in disaccord, the Court finds that the evidence advanced by DOLI regarding the timing of work on the trench and, as a result, the depth of the trench, is contradictory. Nor is the photograph conclusive as a result of the perspective. Accordingly, the Court finds that DOLI has failed to meet its burden of proof in regards to the sloping of the sidewalls of the trench. However, the Court finds that there is unrefuted evidence that one end of the trench was vertical or undercut at the time an employee was working in the trench and that the end was at least seven feet in height and not shored. The Court also finds that the Defendant has not carried its burden in asserting the "infeasibility" defense in that the compliance with the requirements of the standards was feasible in light of the numerous, albeit expensive and time consuming, shoring options laid out by the DOLI safety inspector. *See Peterson Bros. Steel Erection Co. v. Reich,* 26 F.3d 573 (5th Cir. 1994) (cost disadvantage does not excuse noncompliance with regulation). Accordingly, the Court finds that the Defendant violated VOSH Std. § 1926.652(a)(1).

*Citation 5: Failure to Perform Confined Space Test*

Section 16 VAC 140-40-A of the Virginia Administrative Code requires that immediately prior to an employee being sent into a "confined space," the space is to be tested for a hazardous atmosphere, defined as including the presence of inflammable hazards and known or expected toxic gases, and for the level of oxygen. For the purposes of this section, a "confined space" is defined as "any space not intended for continuous employee occupancy, having limited means of egress, and which is subject to the accumulation of an actual or potentially hazardous atmosphere" . Va. Admin. Code § 16 VAC 25-140-10. DOLI contends that the Defendant violated this regulation when it sent an employee into a pipe to place a laser-level at a location in the pipe where the atmosphere could be subjected to the accumulation of carbon monoxide from passing vehicles, methane from sewer gases, or out-gassing from the mastic used to seal the joints of the pipes. The evidence presented to the Court showed that the pipe in question was approximately 24 inches in diameter. The laser was located below an open manhole in the pipe; one end of the pipe was attached to, but not yet opened onto, the sewer system, while

the far end of the pipe was open and waiting to be attached to additional sections of piping. No evidence of a mechanism that would provide for airflow through the pipe was presented.

As such, the Court finds that the evidence supports a finding that the pipe meets the definition of a "confined space" a provided in § 16 VAC 25-140-10 since there was limited egress from the pipe and the pipe was likely to be subject to the accumulation of potentially hazardous gases. Additionally, evidence presented showed that the employee of the Defendant identified as being the person responsible for testing the atmosphere within the pipe admitted to the DOLI inspector that he failed to perform the required test. Therefore, the Court finds that the Defendant did in fact violate § 16 VAC 140-40-A by failing to test the atmosphere of a confined space for the presence of potentially harmful gases and for the lack of oxygen. However, in the unique factual situation that existed in this instance, the Court further finds that there is insufficient evidence of a substantial risk to employee safety to support the "Serious" classification. Accordingly, the Court holds that Citation 5 is reduced to "Other Than Serious."

*Citation for Failure to Provide MSDS*

DOLI contends that the Defendant violated VOSH Std. § 1910.1200(g)(11) by failing to make "readily available, upon request" by an inspector a "material safety data sheet" ("MSDS") for compounds used in the construction of the sewer system within fifteen days of the request. *See* 29 C.F.R. 1910.1020(e)(i). The Defendant counters that the only testimony regarding the alleged violation is that the information was never received by the DOLI inspector and not that the MSDS was never sent. The Defendant further argues that the MSDS was on file with VDOT and that, ultimately, there was no injury that arose. The Defendant does not, however, challenge the basic allegation that the inspector requested the MSDS and that he never received the MSDS, and there was no affirmative testimony from the Defendant that the document was actually sent. Accordingly, the Court finds that DOLI properly issued an "Other Than Serious" citation to the Defendant for violating VOSH Std. § 1910.1200(g)(11).